UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD G. DRAPKIN,<br><br>                         Plaintiff,<br><br>-against-<br><br>MAFCO CONSOLIDATED GROUP, INC.,<br><br>                         Defendant. | **MEMORANDUM OPINION & ORDER**<br><br>09 Civ. 1285 (PGG) |
| MACANDREWS & FORBES LLC,<br><br>                         Plaintiff,<br><br>-against-<br><br>DONALD G. DRAPKIN,<br><br>                         Defendant. | **MEMORANDUM OPINION & ORDER**<br><br>09 Civ. 4513 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        Donald Drapkin has requested reconsideration of this Court's September 23, 2011 Memorandum Opinion & Order ("Order") (09 Civ. 1285, Dkt No. 74; 09 Civ. 4513 Dkt No. 80) granting in part and denying in part his motion for summary judgment. Familiarity with the Order is presumed. For the reasons set forth below, Drapkin's motion for reconsideration is DENIED.

## BACKGROUND

        These two breach of contract actions are mirror images of each other: Drapkin alleges that Mafco Consolidated Group, Inc. breached a separation agreement by failing to pay him $2.5 million, while MacAndrews & Forbes LLC – successor to MacAndrews & Forbes, Inc., and parent of Mafco Consolidated Group, Inc. (together, the "Company") – claims that Drapkin

violated the separation agreement by breaching provisions concerning return of Company files and documents, reimbursement of medical expenses, non-disparagement, and attempts to induce or influence employees to leave the Company.

The Court's decision on summary judgment permits two alleged breaches to proceed to trial: (1) Drapkin's failure to return company documents stored on his assistant's laptop, in alleged violation of Section 6(h) of the separation agreement, and (2) Drapkin's alleged attempt to influence Dr. Eric Rose to leave his position at M&F, in violation of Section 6(c) of the separation agreement. In denying summary judgment, the Court held that if any breach of these provisions occurred, the materiality of any such breach presented a question of fact for a jury. (Order at 21-25) Drapkin now seeks reconsideration of these determinations, arguing that materiality may be decided as a matter of law.

## DISCUSSION

I. **LEGAL STANDARD**

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Initial Public Offering Sec. Litig., 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), aff'd sub nom Tenney v. Credit Suisse First Boston Corp., Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006), and may be granted only where a court has overlooked "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000). "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to

the Court.'" Christoforou v. Cadman Plaza N., Inc., No. 04 Civ. 08403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. March 19, 2009) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Bergerson v. New York State Office of Mental Health, Central New York Psychiatric, 652 F.3d 277 (2d Cir. 2011) (citing Virgin Atlantic Airways, Ltd. v. National Mediation Bd, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y.2005)).

## II. ANALYSIS

Drapkin claims that the Court "overlooked controlling case law that mandates a finding here that the remaining alleged 'breaches' of the Separation Agreement, under the circumstances presented, are immaterial as a matter of law." (Drapkin Reconsideration Br. at 1) However, Drapkin has not cited any "overlooked controlling case law." Instead, he rehashes arguments previously rejected and presents several new arguments that could have been, but were not, presented at summary judgment. A motion for reconsideration is not the proper vehicle for any of these arguments. Accordingly, the motion will be denied.

### A. Drapkin May Not Relitigate Issues Which Have Already Been Decided

In his brief in support of his motion for summary judgment, Drapkin argued that any retention of Company documents did not go to the root of the separation agreement and that the Company could not show any harm resulting from the retention of these documents. (Drapkin Br. at 22-23) The Court addressed these arguments in its Order and found that, on the present record, it could not determine as a matter of law that any breach of Section 6(h) was

immaterial. (Order at 21-22) ("Drapkin's argument that any breach of Section 6(h) is not material likewise cannot be resolved, at this stage of the litigation, as a matter of law.") Drapkin cannot re-litigate that determination on a motion for reconsideration.

Drapkin likewise may not use a motion for reconsideration to strengthen arguments he made in his original briefing. Drapkin now cites to case law and the Restatement (Second) of Contracts for his contention that the Court must consider the "disparity in the consequences of an alleged breach of contract in determining whether a breach is material." (Drapkin Reconsideration Br. at 13-14) This is an expansion of the disparity argument which he made on summary judgment. (Drapkin Br. at 22-23) ("In essence, the Company contends that the inadvertent retention of 79 largely inconsequential documents excuses the Company's obligation to pay Drapkin $18 million and justifies rescission of the Separation Agreement. It does not.") A motion for reconsideration "is not a vehicle to offer additional support for an argument rejected previously by the Court." Capitol Records, Inc. v. MP3Tunes, LLC, 2009 WL 5102794 (S.D.N.Y., 2009). This argument will therefore not be entertained.

With respect to his alleged breach of Section 6(c), Drapkin argued at summary judgment that his alleged comments to Rose did not constitute an "attempt to influence" Rose to leave the Company. (Drapkin Reply Br. at 16-18) This Court found that it was a "jury question whether Drapkin's remarks to Dr. Rose were an attempt to influence him to leave the Company." (Order at 24) A motion for reconsideration is not "a second bite at the apple for a party dissatisfied with a court's ruling." Corines v. American Physicians Ins. Trust, 769 F. Supp. 2d 584, 593 (S.D.N.Y. 2011) (internal citations omitted). To the extent that Drapkin now re-briefs this issue, elaborating on the standard for materiality, his efforts are unavailing on a motion for reconsideration.

Drapkin also cites Frank Felix Assocs., Ltd. v. Austin Drugs, Inc., 111 F.3d 284, 289 (2d Cir. 1997), for the principle that the materiality of a breach may, under certain circumstances, be decided as a matter of law. (Drapkin Reconsideration Br. at 5-6)  This Court cited to Frank Felix in the Order.  See Order at 9 ("Where a breach of contract is alleged, 'there may be circumstances in which the question of materiality is a question of law for the judge.'") (quoting Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc., 361 F. Supp.2d 283, 295 (S.D.N.Y. 2005) (citing Frank Felix, 111 F.3d at 289 (2d Cir. 1997))  Accordingly, Frank Felix is not new or overlooked controlling case law; the Court was aware of this case, applied the standard, and decided that it could not resolve this issue as a matter of law based on the record at summary judgment.

B.      **Drapkin May Not Present New Theories and Arguments**

Just as Drapkin may not rehash old arguments, neither may he offer new theories or arguments that could have been presented before.  Drapkin argues, for example, that materiality of a breach cannot be determined by a jury where plaintiff's chosen remedy is rescission. (Drapkin Reconsideration Br. at 5 n.2)  This argument was not made in the summary judgment briefing.  "A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." Fredericks v. Chemipal, Ltd., No. 06 Civ. 966, 2007 WL 1975441, at *1 (S.D.N.Y. July 6, 2007); see also Sequa Corp. v. GBJ. Corp., 156 F.3d 136, 144 (2d Cir. 1998) (a party may not use Rule 59 to "present[] the case under new theories").  Accordingly, any new theories will not be considered.

## CONCLUSION

For the reasons stated above, Drapkin's motions for reconsideration in 09 Civ. 1285 and 09 Civ. 4513 are denied. The Clerk of the Court is directed to terminate the following motions: 09 Civ. 1285, Dkt No. 78, and 09 Civ. 4513, Dkt No. 83.

Dated: New York, New York
November 15, 2011

SO ORDERED.

Paul G. Gardephe
United States District Judge